IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:19-CR-3031 |
| vs. | |
| TRAVIS ALLEN LARKIN, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report, *see* filing 40, and anticipates moving for a variance, *see* filing 39.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report. Filing 40. Specifically, the defendant objects to the presentence report's application of an enhancement to the offense level based on the defendant's prior conviction of attempted third degree sexual assault of a minor, in violation of Neb. Rev. Stat. § 28-320.01(1) & (3).

U.S.S.G. § 4B1.5(a) provides for enhancement of the offense level if the defendant has at least one previous "sex offense conviction." A "sex offense conviction" includes, as relevant, a state conviction for an offense consisting of conduct that would violate 18 U.S.C. § 2244(a)(5), which proscribes sexual contact with a child. *See* § 4B1.5 *cmt.* n.3(A)(ii); 18 U.S.C. § 2426(b)(1)(B). For purposes of § 2244(a)(5), as relevant, "sexual contact" includes intentional touching of the genitals "with an intent to

abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). The Nebraska definition of "sexual contact" is similar, but also includes "conduct *which can be reasonably construed* as being for the purpose of sexual arousal or gratification of either party." Neb. Rev. Stat. § 28-318(5) (emphasis supplied). The defendant argues that the emphasized language renders the Nebraska definition broader than the federal one, meaning that the Nebraska conviction doesn't qualify as a "sex offense conviction" for purposes of § 4B1.5(a). *See* filing 40.

The Court is not persuaded that the statutory language is as distinct as the defendant suggests. It is clear under the Nebraska caselaw that the import of the Nebraska statutory language is that there must be evidence from which the trier of fact could reasonably infer that the offender acted for the purpose of sexual arousal or gratification. *See State v. Berkman*, 430 N.W.2d 310, 313 (Neb. 1988); *State v. Charron*, 415 N.W.2d 474, 475-76 (Neb. 1987). While the Nebraska statute includes "conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification" in its definition of "sexual contact," what that really means is the offender's intent can be inferred instead of directly proven—and that's true under the federal definition as well. *See United States v. Lee*, 232 F.3d 653, 656 (8th Cir. 2000); *see also United States v. White Bull*, 646 F.3d 1082, 1089 (8th Cir. 2011). The fact that Nebraska's evidentiary standard for proving the offender's intent is included in the statutory language, instead of merely being found in the caselaw, does not mean that the Nebraska statute is categorically broader than the federal one.

Accordingly, the Court's tentative finding is that the defendant's objection lacks merit.

3. The defendant also anticipates filing a motion for variance. *See* filing 39. The Court will take up that motion at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 3rd day of January, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge